**20-02645**
**SECT. I MAG. 5**

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: **Eastern District of Louisiana** |
|---|---|
| Name (under which you were convicted):<br>**John Eric Sims** | Docket or Case No.:<br>**496720** |
| Place of Confinement:<br>**Allen Correctional Center** | Prisoner No.:<br>**588595** |
| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) |
| **John Eric Sims v. Keith Cooley, Assistant Warden** ||
| The Attorney General of the State of Louisiana ||

# PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   **22nd Judicial District Court**
   **Parish of St. Tammany**
   **701 North Columbia Street**
   **Covington, Louisiana 70433**

   (b) Criminal docket or case number: **496720**

2. (a) Date of the judgment of conviction: **June 14, 2011**

   (b) Date of sentencing: **July 3, 2011**

3. Length of sentence: **Twenty-five (25) years**

4. In this case, were you convicted on more than one count or of more than one crime? **No**

5. Identify all crimes of which you were convicted and sentenced in this case:

   **Louisiana Revised Statute 14:43.1 Sexual Battery**

6. (a) What was your plea? **Not guilty**

   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? **N/A**

   (c) If you went to trial, what kind of trial did you have? **Jury**

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing? **Yes**

8. Did you appeal from the judgment of conviction? **Yes**

TENDERED FOR FILING

SEP 28 2020

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

9. If you did appeal, answer the following:

    (a) Name of court: **Louisiana First Circuit Court of Appeals**

    (b) Docket or case number: **2011-KA-1876**

    (c) Result: **Denied**

    (d) Date of result: **May 2, 2012**

    (e) Citation to the case: **2012 La. App. Unpub. LEXIS 373**

    (f) Grounds raised: **(1) Illegal Sentence & (2) Excessive Sentence**

    (g) Did you seek further review by a higher state court? **No**

    (h) Did you file a petition for certiorari in the United States Supreme Court? **No**

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? **Yes**

11. If your answer to Question 10 was "Yes," give the following information:

    (a)  (1) Name of court: **Twenty-Second Judicial District Court – St. Tammany Parish**

        (2) Docket or case number: **496720**

        (3) Date of filing: **December 19, 2013**

        (4) Nature of the proceeding: **Application for Post-Conviction Relief**

        (5) Grounds raised: **Petitioner's conviction was obtained in violation of the Constitutions of the United States and/or the State of Louisiana in that:**

    a. **Defense Counsel provided ineffective assistance under the Sixth and Fourteenth Amendments of the United States Constitution and Louisiana Constitution of 1974;**

    b. **Petitioner was denied effective assistance of appellate counsel as guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution and the Louisiana Constitution of 1974.**

        (6) Did you receive a hearing where evidence was given on your petition, application, or motion? **No**

        (7) Result: **Denied**

        (8) Date of result: **March 28, 2014**

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: **Twenty-Second Judicial District Court – St. Tammany Parish**

(2) Docket or case number: **496720**

(3) Date of filing: **January 10, 2019**

(4) Nature of the proceeding: **Successive Application for Post-Conviction Relief**

(5) Grounds raised: **Petitioner's conviction was obtained in violation of the Sixth and Fourteenth Amendments of the United States Constitution and Article 1, Sections 2, 13, 16 of the Louisiana Constitution of 1974 due to:**

   i. **Ineffective Assistance of Counsel – Failure to Investigate;**

   ii. **Ineffective Assistance of Counsel – Excessive Caseload.**

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? **No**

(7) Result: **Denied**

(8) Date of result: **January 18, 2019**

(c) If you filed any third petition, application or motion, give the same information: **N/A**

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    **Yes**

(2) Second petition:   **Yes**

(3) Third petition:    **N/A**

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: **N/A**

12. For this petition, every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

## Ineffective Assistance of Counsel – Failure to Investigate

The following excerpts from the Technical Assistance Report (See Appendix A) and Petitioner's court appointed attorney, Mr. Sirera's statement during the trial will demonstrate that neither Mr. Sirera nor the Public Defender Office for the 22nd Judicial District of Louisiana (hereinafter 22nd PDO) conducted any investigation into Petitioner's case.

> Ms. Jean Faria, Louisiana Public Defender, wrote a letter to the Criminal Courts Assistance Project because of a letter she received from the American Civil Liberties Union of New York, date September 7, 2011, which stated that an independent investigation by the ACLU had led it to conclude that defendants in the 22nd Judicial District were "routinely deprived of their due process rights and rights to effective assistance of counsel." The ACLU further alleged that the services offered by the 22nd PDO "fail to meet well-established national and ethical standards." The ACLU specifically noted that public defenders in St. Tammany Parish "are forced to carry grossly excessive caseloads each year," that the St. Tammany Parish office provided inadequate numbers of investigative staff, and that the resources provided to the 22nd PDO "are far less than those allocated to the District Attorneys' Office."[1]
>
> The ACLU alleged in its letter that the 22nd PDO "employs just two investigators, only one of who is responsible for investigating the thousands of felony and misdemeanor cases handled by the office each year."[2]
>
> The letter also notes that a great deal of one of the investigator's time is devoted to attending 72-hour hearing. The letter quotes "sources" to say that "investigations rarely take place at all..." The letter concludes that this deficiency "makes it practically impossible for public defenders in St. Tammany Parish to provide the quality of representation to which defendants are entitled..."[3]
>
> The ACLU allegations regarding the investigative function are accurate for the most part. Both of [the investigators] strongly agree with the ACLU letter.[4]
>
> The two investigators perform few investigative tasks. At least half of their time is spent identifying who has been appointed at the St. Tammany Parish Jail. Both of

---

[1] TA Report p.1
[2] TA Report p.9
[3] TA Report p.9
[4] TA Report p.9

the investigators attend the 72-hour hearings where initial public defender appointments are made, which occur in St. Tammany Parish Jail two days a week. They interview all of the individuals who are appointed at the 72-hour hearing, and then make their own probable cause "determination." They also make phone calls to family members and others regarding bond. This process takes half the week, leaving only half for their investigative function.[5]

The felony investigator conducts investigations when requested to do so by staff attorneys. He does so without a written investigative request. Most request for investigation are done orally and at the last minute immediately prior to trial. There are no early investigations even when the defendant alleges an alibi or other indication of innocence.[6]

Attorneys in the office did not express a lot of concern regarding the lack of investigative capacity. There seemed to be a sense of resignation with the way things are. Very few of the attorneys use the investigator. The investigators are not available to the misdemeanor attorneys. One attorney said that "basically we investigate our own cases." One conflict lawyer who had been a full-time public defender stated that the way the office is set up a full-time attorney would be unable to prove his client's innocence because of the paucity of investigators. A staff lawyer when asked whether the investigative function was sufficient replied succinctly "not even remotely." When she asked for help, "it's not done." A staff lawyer related one time she asked an investigator to obtain medical records and when this was not done it was explained by the investigator that she didn't perform the task because "I don't have money for gas."[7]

Based upon the above, the consultant agrees that the investigative function as it presently exists in the 22nd PDO is not sufficient. There are not enough investigators for the number of attorneys and for the high felony caseload. There is no oversight of the investigators. In addition, there is not a good understanding of how investigators should be used, and there are no policies in place to facilitate the effective use of the investigators who are on staff.[8]

Based on the above excerpts, it can be concluded that Petitioner's trial attorney did not receive any investigative support from the investigators of the 22nd PDO.

---

[5] TA Report p.10
[6] TA Report p.10
[7] TA Report p.10
[8] TA Report pp.10-11

One can also conclude that Mr. Sirera failed to conduct any independent investigation himself, when during the first day of Petitioner's trial, Mr. Sirera was questioned if he had provided the State with discovery and he answered, "Yeah, all I have is what you [the State] gave me." (See Appendix B – Trial Tr. p.80, line 28 through p.81, line 22)

Investigation into Petitioner's case would have revealed that all three of Petitioner's and Ms. Gerchow's (children's biological mother) children suffered, at different degrees, from enuresis, with their son suffering the worst, often soiling his bedding multiple times a week. At the time in question, Petitioner's family lived in a camper trailer and the children shared a bunk bed at one end of the trailer. Often, the smell of urine would be present and Petitioner and/or Ms. Gerchow would check the children to see if they had soiled their clothing and/or bedding. If one of the children had an accident, they would wake the child to change their clothing. While the child was changing their clothes, clean bedding would be put down for them and they would be put back to bed.

The investigation would have further revealed the Petitioner, nor Ms. Gerchow, had ever had a conversation with the children explaining to them that they were often checked on to see if they had soiled their clothing and/or bedding.

One night while Petitioner was checking on his children to see if any had soiled themselves, LG[9] was apparently in a light sleep. (See Appendix C – Trial Tr. p.249, line 20 through 27) LG felt Petitioner touch her. LG became confused because she did not know what Petitioner was doing.

Over the summer, LG confided to a few friends about this incident. None of them knew how to respond or had any answers until LG spoke with a friend at school who was a victim of sexual abuse named Hannah Gibson. Hannah told LG that an uncle had touched her inappropriately

---

[9] The alleged victim is referenced herein by her initials. See **LSA-R.S. 46:1844(W)**

and he ended up going to prison. Hannah encouraged LG to report the incident. Later that same day, LG notified the school counselor. (See Appendix D – Trial Tr. p.243, line 20 through 32)

The preceding information about the conditions of the children can be supported by the testimony of Petitioner and Ms. Gerchow. This information would have altered the outcome of the trial because it would have proved that Petitioner was performing normal sanitary care when he checked to see if his children had soiled their clothing and/or bedding.

None of the preceding facts concerning the children suffering from enuresis were made know to the jury. The jury was never informed that the Petitioner touched the victim while checking to see if she had urinated and this conclusion would have provided a basis for the jury to reasonably find he was engaged in normal sanitary care.

Mr. Sirera's entire defense was self-defeating. Mr. Sirera's total defense was that LG is making these allegations because of Petitioner's remark that Petitioner would not allow his children to stay with their grandmother again. This defense by Mr. Sirera is a self-defeating because LG made the accusation before Petitioner made the remark regarding the children's grandmother. Mr. Sirera would have known this had he investigated Petitioner's case because the District Attorney knew this information and it was used against Petitioner during trial. (See Appendix E – Trial Tr. p.276, line 4 through p.277, line 26)

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue? No

(2) If you did not raise this issue in your direct appeal, explain why: **Appellate attorney advised Petitioner that Ineffective Assistance of Counsel claims should be raised in an Application for Post-Conviction Relief.**

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? **Yes**

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: **Successive Application for Post-Conviction Relief**

Name and location of the court where the motion or petition was filed:

**22nd Judicial District Court
Parish of St. Tammany
701 North Columbia Street
Covington, Louisiana 70433**

Docket or case number: **496720**

Date of the court's decision: **January 18, 2020**

Result (attach a copy of the court's opinion or order, if available): **Denied (See Appendix F)**

(3) Did you receive a hearing on your motion or petition?  **No**

(4) Did you appeal from the denial of your motion or petition?  **Yes**

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  **Yes**

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the motion or petition was filed:

**Louisiana First Circuit Court of Appeals**

Docket or case number: **2019-KW-0374**

Date of the court's decision: **July 8, 2019**

Result (attach a copy of the court's opinion or order, if available): **Denied (See Appendix G)**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: **Petition for Writ of Certiorari to the Louisiana Supreme Court. (See Appendix H – Louisiana Supreme Court's Order)**

**GROUND TWO:**

## Ineffective Assistance of Counsel – Excessive Caseload

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Mr. Sirera handled a mixed caseload in 2011 of "531 cases, including 328 felonies..."[10] even though "...the American Council of Chief Defenders issued a *Statement on Caseloads and Workloads* in 2006 reaffirming the National Advisory Commission's maximum case numbers of no more than 150 [felony] cases in a year."[11] Petitioner would like to point out that the lawyers with the 22nd PDO were also allowed to have "small private practice"[12] in addition to their ludicrous caseloads.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue? No

(2) If you did not raise this issue in your direct appeal, explain why: **Appellate attorney advised Petitioner that Ineffective Assistance of Counsel claims should be raised in an Application for Post-Conviction Relief.**

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? **Yes**

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: **Successive Application for Post-Conviction Relief**

Name and location of the court where the motion or petition was filed:

**22nd Judicial District Court
Parish of St. Tammany
701 North Columbia Street
Covington, Louisiana 70433**

Docket or case number: **496720**

---

[10] See TA Report p.7
[11] See TA Report p.5
[12] See TA Report p.17

Date of the court's decision: **January 18, 2020**

Result (attach a copy of the court's opinion or order, if available): **Denied (See Appendix F)**

(3) Did you receive a hearing on your motion or petition? **No**

(4) Did you appeal from the denial of your motion or petition? **Yes**

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? **Yes**

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the motion or petition was filed:

**Louisiana First Circuit Court of Appeals**

Docket or case number: **2019-KW-0374**

Date of the court's decision: **July 8, 2019**

Result (attach a copy of the court's opinion or order, if available): **Denied (See Appendix G)**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: **Petition for Writ of Certiorari to the Louisiana Supreme Court. (See Appendix H – copy of the court's opinion or order)**

13. Please answer these additional questions about the petition you are filing:

   (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? **Yes**
   If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

   (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them: **None**

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?    **Yes**

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

    (1) Name and location of court: **Supreme Court of the United States; Washington, D.C.**

    (2) Docket or case number: **15-6927**

    (3) Type of proceeding: **Petition for Writ of Certiorari**

    (4) Issues raised: **Did the Petitioner present claims of ineffective assistance of counsel sufficient to justify an adjudication of the presumption of prejudice and the entitlement to relief pursuant to *United States v. Cronic*, 466 US 648, 80 L Ed 2d 657, 104 S. Ct. 2039 (1984) and *Bell v. Cone*, 535 US 685, 152 L Ed 2d 914, 122 S.Ct. 1843(2002).**

    (5) Date of court's decision: **January 19, 2016**

    (6) Result of petition: **Denied**

    (7) Copy of court's opinion or order: **Unavailable**

15. Do you have any petition or appeal now pending (filed or not decided yet) in any court, either state or federal, for the judgment you are challenging?    **No**

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing: **Unknown**

    (b) At arraignment and plea: **Patricia Fox, 22296 Savannah Lane, Covington, LA 70435-4664**

    (c) At trial: **David Sirera, 120 Lisa Lane, Mandeville, LA 70448-3402**

    (d) At sentencing: **David Sirera, 120 Lisa Lane, Mandeville, LA 70448-3402**

    (e) On appeal: **Frank Sloan, Deceased**

    (f) In any post-conviction proceeding: **None**

    (g) On appeal from any ruling against you in a post-conviction proceeding: **None**

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging:    **No**

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.* **A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of – (D)the date on which the factual predicate of the claims presented could have been discovered through the exercise of due diligence. (See Appendix I)**

The facts to which this petition is predicated were not known to the Petitioner until, while diligently attempting to discover any post-conviction claims that may exist, Petitioner learned that a report had been conducted through "A Joint Program of the Bureau of Justice Assistance, U.S. Department of Justice, and American University's School of Public Affairs." This report is a preliminary assessment of the working conditions of the St. Tammany Public Defender's Office during the time the St. Tammany Public Defender's Office represented Petitioner.

Petitioner wrote a letter to American University in Washington, D.C. in December of 2017, requesting a copy of the Technical Assistance Report. Petitioner received a copy of this newly discovered evidence on May 25, 2018[13], which is the date on which the factual predicate of the claims presented were discovered through Petitioner's exercise of due diligence. This report contains the facts to show that Petitioner's court appointed attorney, Mr. Sirera, had no investigative support with an excessive caseload. (See Appendix A)

Therefore, petitioner asks that the Court grant the following relief:

**That his conviction and sentence be overturned, or in the alternative, order the Twenty-Second Judicial District Court of St. Tammany Parish, State of Louisiana to conduct an evidentiary hearing on the claims Petitioner filed in his Application for Post-Conviction Relief filed January 10, 2019**

or any other relief to which petitioner may be entitled.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on  09/24/2020 (month, date, year).

Executed (signed) on 09/24/2020 (date).



Signature of Petitioner

---

[13] See Appendix I-1