# Appendix G

Louisiana First Circuit Court of Appeal's Judgment

# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

JOHN ERIC SIMS

NO. 2019 KW 0374

JUL 0 2 2019

In Re: John Eric Sims, applying for supervisory writs, 22nd Judicial District Court, Parish of St. Tammany, No. 496720.

BEFORE: CRAIN, THERIOT, AND HOLDRIDGE, JJ.

**WRIT DENIED.** Relator's writ application is an untimely and successive application for postconviction relief. See La. Code Crim. P. arts. 930.4 & 930.8. Having fully litigated his claims in accord with La. Code Crim. P. art. 930.6, hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application provided in La. Code Crim. P. art. 930.4 applies, relator has exhausted his right to postconviction relief. See **State ex rel. Bonvillain v. State**, 2015-2331 (La. 3/14/16), 186 So.3d 644 (per curiam).

WJC
MRT
GH

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT

# The Supreme Court of the State of Louisiana

**STATE OF LOUISIANA**

No.2019-KH-01341

VS.

**JOHN ERIC SIMS**

---

IN RE: John Eric Sims - Applicant Defendant; Applying For Supervisory Writ, Parish of St. Tammany, 22nd Judicial District Court Number(s) 496720, Court of Appeal, First Circuit, Number(s) 2019 KW 0374;

---

**July 24, 2020**

Writ application denied. See per curiam.

                      BJJ
                      JLW
                      JDH
                      SJC
                      JTG
                      JHB

Crain, J., recused.

Supreme Court of Louisiana
July 24, 2020

_____
**Chief Deputy** Clerk of Court
            For the Court

SUPREME COURT OF LOUISIANA

No. 19-KH-1341

STATE OF LOUISIANA

v.

JOHN ERIC SIMS

ON SUPERVISORY WRITS TO THE TWENTY-SECOND
JUDICIAL DISTRICT COURT, PARISH OF ST. TAMMANY

PER CURIAM:

Denied. The application was not timely filed in the district court, and applicant fails to carry his burden to show that an exception applies. La.C.Cr.P. art. 930.8; *State ex rel. Glover v. State*, 93-2330 (La. 9/5/95), 660 So.2d 1189. The application is also repetitive. La.C.Cr.P. art. 930.4.

Applicant has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, *see* 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Applicant's claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, applicant has exhausted his right to state collateral review. The district court is ordered to record a minute entry consistent with this per curiam.

Crain, J., recused.